# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MEGATOUCH, LLC,** | )<br>)<br>) |
| *Plaintiff,* | ) Civil Action No. _____<br>) |
| v. | )<br>) |
| **KING DIGITAL ENTERTAINMENT PLC** and **KING.COM, INC.,** | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, Megatouch, LLC ("Megatouch") brings this Complaint for patent infringement against Defendants King Digital Entertainment plc ("King Digital") and King.com, Inc. ("King.com") as outlined below.

## THE PARTIES

1. Plaintiff Megatouch is a Delaware limited liability company having a principal place of business located at 155 Rittenhouse Cir, Bristol, PA 19007.

2. Upon information and belief, Defendant King Digital is a public limited company organized under the laws of the Republic of Ireland and having a principal place of business located at Fitzwilton House, Wilton Place, Dublin 2, Ireland.

3. Upon information and belief, Defendant King.com is a Delaware corporation having a place of business located at 188 King Street, Unit 302, San Francisco, California 94107.

**JURISDICTION AND VENUE**

4. This action arises under the Patent Laws of the United States of America, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 271, 281, and 283-285. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

5. This Court has personal jurisdiction over Defendant King Digital because, upon information and belief, Defendant King Digital has substantial, continuing, and on-going contacts with this State and judicial district, and knowingly and/or intentionally sells, distributes, and/or offers to sell into this State and judicial district the infringing electronic game, Pyramid Solitaire Saga ("Pyramid"), through its own website and through third party vendors such as the Google Play app store, the iTunes® online store, and Facebook.

6. This Court has personal jurisdiction over Defendant King.com because Defendant King.com is incorporated in this State and judicial district. Further, upon information and belief, Defendant King.com knowingly and/or intentionally sells, distributes, and/or offers to sell into this State and judicial district the infringing electronic game, Pyramid, through the king.com website and through third party vendors such as the Google Play app store, the iTunes® online store, and Facebook.

7. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d) and § 1400(b) because Defendants King Digital and King.com transact business in this judicial district, because Defendant King.com is subject to personal jurisdiction in this judicial district, and because Defendant King Digital is not a resident in the United States and may be sued in any judicial district.

**FACTS**

8. Plaintiff Megatouch is the owner of U.S. Patent No. 6,942,565, issued by the United States Patent and Trademark Office on September 13, 2005, entitled, "Electronic Card Game and Method" (hereinafter "the '565 Patent").

9. The '565 Patent is valid and enforceable. The term of the '565 Patent is set to expire on September 13, 2023. A true and correct copy of the '565 Patent is attached to this Complaint as Exhibit A.

10. Plaintiff Megatouch is the assignee of all right, title, and interest in and to the '565 Patent and possesses all rights of recovery under the '565 Patent, including the right to sue for infringement and recourse for damages.

11. Defendants King Digital and King.com have made, used, sold, offered for sale, and/or imported Pyramid accessible from http://about.king.com/games/pyramid-solitaire-saga (see Exhibit B) in the United States.

12. Upon information and belief, Defendants King Digital and King.com have made Pyramid available to consumers, including those in this State, through third parties who also maintain interactive websites (such as the Google Play app store, the iTunes® online store, and Facebook). (See, for example, Exhibit C attached hereto). Defendants King Digital and King.com derive income from such infringing games by in-app purchases and/or advertising.

13. Defendants King Digital and King.com have not not sought, nor obtained, a license under the '565 Patent and are not authorized or permitted to market, manufacture, use, offer for sale or sell the invention claimed in the '565 Patent.

## COUNT I
## INFRINGEMENT OF THE '565 PATENT

14. Plaintiff Megatouch realleges and incorporates by reference paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. The claims of the '565 Patent are presumed valid pursuant to 35 U.S.C. § 282.

16. Defendants King Digital and King.com, in violation of 35 U.S.C. § 271, have been and are currently infringing one or more claims of the '565 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the United States, without license or authority, at least the electronic game, Pyramid, as claimed in the '565 Patent.

17. Plaintiff Megatouch is entitled to monetary damages adequate to compensate Plaintiff Megatouch for the infringement of Defendants King Digital and King.com and Megatouch is entitled to damages under 35 U.S.C. §284, together with interest, costs, and attorneys fees, and is entitled to enjoin Defendants King Digital and King.com from further infringement of the '565 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Megatouch respectfully requests all legal and equitable relief as may be recoverable for the foregoing offenses, including:

(a) a judgment that Defendants King Digital and King.com infringe the claims of the '565 Patent;

(b) a permanent injunction enjoining Defendants King Digital and King.com and those in active concert or participation therewith, from infringing the '565 Patent;

(c) an accounting for damages arising from the infringement of the '565 Patent by Defendants King Digital and King.com and those in privity therewith;

(d) an award of damages adequate to compensate for the infringement of the '565 Patent, together with prejudgment and post-judgment interest thereon, and costs fixed by the Court, as provided by 35 U.S.C. § 284; and

(e) a grant to Plaintiff Megatouch of any such other relief as the Court may deem just, equitable, or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Megatouch hereby demands a trial by jury on all issues so triable.

Dated: February 9, 2015

**PANITCH SCHWARZE BELISARIO & NADEL, LLP**

By: /John D. Simmons/
John D. Simmons (# 5996)
Jefferson A. Cheatham (# 5318)
Applied Bank Center
2200 Concord Pike, Suite 201
Wilmington, DE 19803-2909
Telephone:   (302) 394-6001
Facsimile:   (215) 965-1331
Email:   jsimmons@panitchlaw.com
Email:   jcheatham@panitchlaw.com

*Attorneys for Plaintiff, Megatouch, LLC*